# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY TALLEY,<br>CDCR #D-91162,<br><br>                                     Plaintiff,<br>vs.<br><br>GEORGE NEOTTI; S. PAULEY;<br>RATHERFUR; WALKER,<br><br>                                   Defendants. | Civil No.    10cv0426 BTM (JMA)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO  28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

## I.

### PROCEDURAL HISTORY

On February 23, 2010, Perry Talley ("Plaintiff"), a state prisoner currently incarcerated at Kern Valley State Prison located in Delano, California, and proceeding in pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  On May 3, 2010, the Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") but simultaneously dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).  *See* May 3, 2010 Order at 5-6.  Plaintiff filed a First Amended Complaint on June 17, 2010 [Doc. No. 6].

/ / /

/ / /

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court stated in its previous Order, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

### A.    42 U.S.C. § 1983 Liability

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983.

### B.    Eighth Amendment claims

In Plaintiff's original Complaint, he failed to set forth any factual allegations and instead, he attached a number of documents. These documents referenced a fall that Plaintiff experienced while he was housed at the Richard J. Donovan Correctional Facility ("RJD") in San Diego. The Court, found by liberally construing these documents, that Plaintiff was attempting to state an Eighth Amendment claim. *See* May 3, 2010 Order at 4. The Court informed the Plaintiff of the standard necessary to properly assert a claim for inadequate medical care in violation of his Eighth Amendment rights. *Id.* The Court also informed Plaintiff that he would be given the opportunity to file an Amended Complaint in order to sufficiently plead facts applicable to an Eighth Amendment claim. *Id.* at 5. Finally, the Court cautioned Plaintiff that "he must provide factual allegations that link an allegation of a constitutional violation to a specific Defendant." *Id.*

In Plaintiff's First Amended Complaint, he fails to comply with the Court's instructions. As the Court previously informed Plaintiff, in order to assert a claim for inadequate medical care, Plaintiff must allege facts which are sufficient to show that each person sued was "deliberately indifferent to his serious medical needs." *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Hunt v. Dental Dept.*, 865 F.2d 198, 200 (9th Cir. 1989). To be liable, prison officials must purposefully ignore or fail to respond to Plaintiff's pain or medical needs. *Estelle*, 429 U.S. at 105-06.

Thus, to state a claim, Plaintiff must allege facts sufficient to show both: (1) an objectively "serious" medical need, i.e., one that a reasonable doctor would think worthy of comment, one which significantly affects his daily activities, or one which is chronic and accompanied by substantial pain, *see Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994); and (2) a subjective, and "sufficiently culpable" state of mind on the part of each individual Defendant. *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

Here, Plaintiff alleges that he was lead down some stairs but unknown parties "with my hands behind my back." FAC at 3. Plaintiff claims he fell down the stairs but he was not able to see a doctor until six days later. *Id.* Plaintiff does allege that he was given pain medication for "severe pain" and states that he is "still on medication from the fall." *Id.* The only reference to Defendants is Plaintiff's claim that "George Neotti, S. Pauley, Ratherfur, Walker do not believe that falling down the stairs getting hurt" is an "emergency." *Id.*

This one statement is insufficient for this Court to find that Plaintiff has alleged facts that any of the named Defendants ignored or failed to respond to Plaintiff's pain or medical needs. *Estelle*, 429 U.S. at 105-106. It is just not clear what role, if any, these specific Defendants played in responding to Plaintiff's request for treatment nor are there any allegations that these Defendants were actually aware of a serious risk to Plaintiff's safety. Moreover, Plaintiff attaches a number of documents that appear to be part of his medical record for events that pre-date the allegations contained in Plaintiff's First Amended Complaint by at least two years. None of the documents appear to reference any interaction between Plaintiff and any of the named Defendants.

Thus, the Court finds that while Plaintiff has sufficiently alleged some serious medical needs, he alleges no facts from which the Court could find that any of the named Defendants were "deliberately indifferent" to those serious medical needs. Plaintiff will be provided another opportunity to file an Amended Complaint but he must address the problems identified in the Court's Orders.

### III.

#### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

Plaintiff's First Amended Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** sixty (60) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). If Plaintiff fails to file a Second Amended Complaint within this time frame, the Court will issue an Order dismissing this action and entering a final judgment for the Defendants.

The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: August 2, 2010

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge