# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY TALLEY, CDCR #D-91162,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>GEORGE NEOTTI; S. PAULEY; RATHERFUR; J. WALKER,<br><br>　　　　　　　Defendants. | Civil No.　10-0426 BTM (JMA)<br><br>**ORDER VACATING JUDGMENT PURSUANT TO FED.R.CIV.P. 60(b) AND GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT**<br><br>**[ECF No. 11]** |

　　　　Perry Talley ("Plaintiff"), formerly incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding pro se and has initiated this civil action pursuant to 42 U.S.C. § 1983. At the time he filed his Complaint, Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2], as well as a Motion for Appointment of Counsel [ECF No. 3].

　　　　On May 3, 2010, the Court granted Plaintiff's IFP Motion, but denied his Motion for Appointment of Counsel and dismissed his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* May 3, 2010 Order [ECF No. 4]. Plaintiff was granted 45 days leave, however, to amend his pleading. *Id.* at 6; *see also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000)

(en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured.") (citations omitted).) On that same day, the Court received Plaintiff's change of address pursuant to S.D.CivLR 83.11(b) indicating he had been transferred from RJD to Kern Valley State Prison ("KVSP") as of April 26, 2010 [ECF No. 5].

Plaintiff filed a First Amended Complaint, but on August 3, 2010, the Court again found that his First Amended Complaint failed to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A [ECF No. 7]. Plaintiff was granted an additional 60 days leave in which to file a Second Amended Complaint, but cautioned that his failure to do so would result in dismissal of the entire action. *See* Aug. 3, 2010 Order at 4. Plaintiff failed to respond; therefore, on October 25, 2010, the Court dismissed the action without prejudice for failure to state a claim, and directed the Clerk to enter judgment accordingly [ECF Nos. 8, 9].

On May 11, 2011, Plaintiff submitted a document entitled "Ex parte Request to File Late Second Amended Complaint," which the Court accepted for filing in light of Plaintiff's pro se status. *See Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) ("'Strict time limits ... ought not to be insisted upon' where restraints resulting from a pro se ... plaintiff's incarceration prevent timely compliance with court deadlines.") (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967)). In his request, Plaintiff moves the Court to set aside the judgment based on "excusable negligence." *See* Pl.'s Mot. at 1. Specifically, Plaintiff claims he has been on lockdown at KVSP and was unable to access the prison library. Plaintiff avers he has cured the deficiencies of pleading previously identified by the Court, and if granted an opportunity to do so, will be able to file a Second Amended Complaint within 30 days of the Court's Order. *Id.* at 2.

**I.    STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 60(b), and as applicable here, "[o]n motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for ... (1) mistake, inadvertance, surprise, or excusable neglect; or .... (6) any other reason that justifies relief." FED.R.CIV.P. 60(b)(1), (6). "Rule 60 is 'remedial in nature and . . . must be

liberally applied.'" *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). "A motion under Rule 60(b) must be made within a reasonable time –and for reasons (1), (2), and (3) no more than one year after the judgment or order or the date of the proceeding." FED.R.CIV.P. 60(c)(1).

"Excusable neglect 'encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence,' and includes 'omissions caused by carelessness.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 394 (1993)). To determine whether a party's failure to meet a deadline constitutes "excusable neglect," the court applies a four-factor equitable test. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010). The court must consider: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id.* (citing *Pioneer*, 507 U.S. at 395; *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (adopting four-part test for consideration of Rule 60(b) motions).

Here, Plaintiff claims the conditions of his confinement at KVSP prevented him from complying with the Court's deadlines regarding amendment. Because his case was in the initial screening stages, no party has been served, and the Court cannot conceive of any prejudice to Defendants. Moreover, Plaintiff has sworn, under penalty of perjury, that the reason for his delay were penological circumstances beyond his control, and nothing in either the history of this case or Plaintiff's current request suggests bad faith. See Pl.'s Mot. at 2; *Ahanchian*, 624 F.3d at 1261.

Accordingly, the Court finds all four *Pioneer/Briones* factors weigh in favor of setting aside the judgment entered on October 25, 2010 and simultaneously granting Plaintiff an extension of time in which to file his Second Amended Complaint. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (court has a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ... technical procedural requirements."); *Bennett v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000) (reversing district court's

dismissal of prisoner's amended pro se complaint as untimely where mere 30-day delay was result of prison-wide lockdown).[1]

## II. CONCLUSION AND ORDER

Accordingly, the Court hereby **VACATES** the Judgment entered in this case on October 25, 2010 and **GRANTS** Plaintiff's ex parte Motion to Extend Time to file a Second Amended Complaint [ECF No. 11]. Plaintiff's Second Amended Complaint must be received by the Court no later than **Monday, June 27, 2011**. Moreover, Plaintiff is again cautioned that his Second Amended Complaint must address *all* the deficiencies of pleading previously identified in the Court's May 3, 2010 and August 3, 2010 Orders, and must be complete in itself without reference to his previous pleadings. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). If Plaintiff fails to amend within that time, the Court will re-enter its judgment for Defendants.

The Clerk of the Court is further directed to re-open this civil action and forward Plaintiff a copy of its approved form § 1983 Civil Rights Complaint for his use and reference.

IT IS SO ORDERED.

DATED: May 19, 2011

*[signature]*

Honorable Barry Ted Moskowitz
United States District Judge

---

[1] When an act must be done within a specified time, a court may extend the time for the party to act "on motion made *after* the time has expired if the party failed to act because of excusable neglect." FED.R.CIV.P. 6(b)(1)(B) (emphasis added). The test for whether neglect is excusable under Rule 6(b)(1)(B) is the same as under Rule 60(b)(1). *See Pioneer*, 507 U.S. at 392–93; *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 n.4 (9th Cir. 1996).